## Porreca v. Siano, Appellant.

*Brokers—Real Estate brokers—Commissions—Serving both parties.*

In an action of assumpsit by a real estate broker for a commission, judgment for the plaintiff will be sustained, where the court found the fact of employment, the value of plaintiff's services, and that the latter was not acting, as alleged, in a double capacity.

Argued October 9, 1925. Appeal No. 95, October T., 1925, by defendant, from judgment of M. C. Philadelphia County, January T., 1924, No. 1272, in the case of Camillo J. Porreca v. Andrew D. Siano. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit by a real estate broker for a commission. Before CASSIDY, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $213.15, and judgment thereon. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*James P. McCormick,* and with him *Vincent A. Carroll,* for appellants.—There was no contract of employment and therefore no liability to pay commissions: Lanard and Axilbund v. Thompson Printing Co., 84 Superior Ct. 199; Samuels v. Luckenbach, 205 Pa. 428; Henderson v. Sonneborn, 30 Pa. Superior Ct. 182; Keys v. Johnson, 68 Pa. 42; Earp v. Cummins, 54 Pa. 394.

*Samuel M. Israeli,* for appellee.—When a broker brings a seller and a buyer together in a real estate transaction, he is entitled to a commission: Peters v. Holmes, 45 Pa. Superior Ct. 278; Cain v. Werner, 67 Pa. Superior Ct. 438; Spiess v. Ford, 71 Pa. Superior Ct. 210.

OPINION BY HENDERSON, J., February 26, 1926:

The plaintiff's action was brought to recover a commission alleged to be due for bringing about a sale of real estate owned by the defendant. The case rested on evidence that the plaintiff was a real estate broker; that his attention was brought to the fact that the defendant owned a house which he wished to sell; that the plaintiff procured a purchaser acceptable to the defendant, and that a sale was consummated, whereupon the defendant expressly promised to pay the plaintiff his commission for procuring the purchaser. No amount was named in the agreement to pay as set forth by the plaintiff, but there was testimony that $2\frac{1}{2}$ per cent. was the usual rate. The plaintiff's evidence was contradicted by the defendant and there was an allegation that the former acted as broker for both the parties to the transaction without the knowledge of the vendor. While the plaintiff testified on cross-examination that he was broker for both parties, his explanation, if credited, shows that he was not acting for the purchaser with respect to the sale of the house. The question at issue was clearly one of fact with respect to which there was evidence sustaining the contention of the plaintiff, and the learned trial judge having found the fact of employment and of the value of the plaintiff's service, and that he was not acting in a double capacity with reference to the sale, that finding has the effect of a verdict of a jury. We cannot therefore sustain the assignments of error.

The judgment it affirmed.